IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-06-030 |
| | § | |
| NIMA NAZERZFADEH | § | |

ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

   [ ] (1)   The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

      [ ]   a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

      [ ]   an offense for which the maximum sentence is life imprisonment or death.

      [ ]   an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

      [ ]   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1) (A)-(C), or comparable state or local offenses.

   [ ] (2)   The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

   [ ] (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

   [ ] (4)   Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ]     B.      Findings of Fact [18 U.S.C. § 3142(e)]

    [ ] (1) There is probable cause to believe that the defendant has committed an offense

        [ ]     for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
        () § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]     under 18 U.S.C. § 924(c).

    [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]     C.      Findings of Fact [18 U.S.C. § 3142(f)(2)]

    [X] (1) Defendant is accused of possession of child pornography and distribution of child pornography in interstate commerce.

    [X] (2) There is a serious risk that the defendant will flee.

    [X] (3) Defendant represents a danger to the community.

    [ ] (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]     D.      Findings of Fact [18 U.S.C. § 3142(c)]

    [ ] (1) As a condition of release of the defendant, bond was set as follows:

    [ ] (2)

    [X] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

    [ ] (4)

    [X] (5) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

I find that the accusations in the criminal complaint, the information submitted in the Pretrial Services Agency report, indictment, and evidence at the detention hearing establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that no conditions will assure the safety of the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant is a male citizen of Iran. He refused to tell pretrial services his actual date of birth, although U.S. records indicate he was born March 21, 1983. He is single and has no children. He lives with his parents and is self-employed in the repair and resale of computers.

2. Defendant is charged with distribution of child pornography in interstate commerce and possession of child pornography involving the sexual exploitation of minors. The charges against him have a penalty range of up to 20 years imprisonment. The charged offense involves a crime of violence as defined by 18 U.S.C. § 16. This offense carries with it a presumption that there are no conditions of release which will reasonably assure the defendant's appearance or the safety of the community.

3. Defendant has a prior conviction for making terroristic threats. He struck a Harris County Sheriff Deputy during the booking process for the charged offense and may be subject to further charges for that incident.

4. Defendant has a history of mental illness and has been under the care of a psychiatrist. Defendant indicated to pretrial services that he does not intend to continue taking his medication. He also indicated that if he could not work with computers (a standard condition of release in cases of computer related crime), he would rather be put to death.

5. Defendant has minimal economic ties to the community, as he earns only a modest amount from his computer activities. It does not appear that defendant would be subject to adequate supervision at his parents' home if released. His mother works as a night shift nurse, and his father indicated to pretrial services that he did not feel it was necessary to limit defendant's access to the computers in the home.

6. If convicted of the charged offense, defendant is subject to deportation. ICE has been notified of the pending charges.

7. Defendant has not rebutted the presumption that there is no condition or combination of conditions of release which would assure his appearance in court or the safety of the community. Detention is ordered.

Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, on February 21, 2006.

Stephen Wm Smith
United States Magistrate Judge